977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Anthony SARIVOLA, a/k/a Anthony Steele, a/k/a Tony Steele,
a/k/a Anthony Martelli, Defendant-Appellant.
 No. 92-5077.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 25, 1992
Decided: September 25, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-91-84-S)
 Fred Warren Bennett, Federal Public Defender, Denise Benvenga, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Ethan L. Bauman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Sarivola appeals his sentence after pleading guilty to one count of wire fraud, in violation of 18 U.S.C.A.s 1343 (West Supp. 1992), in connection with the takeover of a small Maryland airline. The district court sentenced Sarivola to six months in prison, but did not impose a fine, restitution, or a term of supervised release. Counsel for Sarivola has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in her view, there are no meritorious issues for appeal. Sarivola has not filed a supplemental brief.
 
 
 2
 Sarivola raises the issue whether the sentencing court erred when it increased his offense level by five levels after determining that he caused a $50,000 loss through his fraudulent activities. United States Sentencing Commission, Guidelines Manual,s 2F1.1(b)(1)(F) (Nov. 1991).
 
 
 3
 Resolution of this issue would place the Defendant in criminal history category two with a base offense level of four which exposes him to a sentencing range of from zero to six months in prison. Because the district judge explicitly stated at the sentencing hearing that he would sentence Sarivola to six months in prison regardless of the dispute over § 2F1.1, appellate review is unnecessary under the doctrine of overlapping guidelines ranges. United States v. Smith, 914 F.2d 565, 569 n.3 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3563 (U.S. 1991); United States v. White, 875 F.2d 427, 432-33 (4th Cir. 1989); United States v. Bermingham, 855 F.2d 925, 931 (2d Cir. 1988).
 
 
 4
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. We, therefore, affirm Sarivola's conviction and sentence.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council for implementing the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED